THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TIFFANY WARNER | CASE NO.: 6:21-cv-02323 |
| VERSUS | JUDGE SUMMERHAYS |
| CITY OF KAPLAN, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**REPORT AND RECOMMENDATION**

Before the undersigned, on referral from the district judge, is the Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted [Doc. 23] filed by defendant the City of Kaplan. The motion is unopposed. For the following reasons, it is RECOMMENDED that the Motion to Dismiss be GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of an incident occurring on August 4, 2020 when Tiffany Warner's dogs were allegedly removed from her property by Vermilion Parish Rabies and Animal Control following a complaint that the animals had been abandoned on the property. Tiffany Warner alleges that she was charged with eight counts of simple cruelty to animals under R.S. 14:102-.1(A)(1)(c), but that these charges were dismissed following a trial.

Tiffany Warner filed a Complaint *pro se* on August 4, 2021 on the grounds of 42 U.S.C. §1983, violations of her Fourth and Fourteenth Amendment rights under the U.S. Constitution, malicious prosecution, and abuse of process. Among the

defendants named in Tiffany Warner's complaint were the City of Kaplan, and Deborah Garrot and Tristan Bodin, allegedly employees of the City of Kaplan. Tiffany Warner alleged that the failure to issue her a warning before seizing her dogs and charging her with cruelty to animals lead to the violations of her Fourth and Fourteenth Amendment rights.

On November 1, 2021, Edward Moses Jr. filed a Motion to be Enrolled as Counsel for Tiffany Warner [Doc.7] and on November 2, 2021, an Order was entered allowing Edward Moses Jr. to be enrolled as counsel for Tiffany Warner in this case [Doc. 9]. After the instant motion was filed, the plaintiff filed an Amended Complaint [Doc. 25].

**1. Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir.2009); *Baker v. Putnal*,

75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949-50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

**2. Analysis**

 **a. §1983 Claims against the City of Kaplan**

A claim of municipal liability under 42 U.S.C. §1983 requires proof of three elements: (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose moving force is the policy or custom. *Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). The alleged deprivation must be connected to a governmental custom, policy statement, ordinance,

regulation, or decision officially adopted and promulgated by the body's officers. *Monell v. NewYork Dept. of Social Services*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

As an initial matter, it is unclear to this Court whether the plaintiff is still pursuing claims against the City of Kaplan. In her original Complaint, the plaintiff named the City of Kaplan as a defendant and prayed for relief including damages and punitive damages. However, on the form which Tiffany Warner filed as her original Complaint, the plaintiff failed to set forth any facts identifying a plausible claim of relief against Deborah Garrot or Tristan Bodin, whom she alleged were employees of the City of Kaplan.

In her Supplemental and Amended Complaint, the plaintiff lists the defendants she is currently suing in Paragraphs 1 through 8 under the subheading "Parties." Although the plaintiff listed both Deborah Garrot and Tristan Bodin as employees of Vermilion Parish Animal Control, she did not name them as employees of the City of Kaplan and, most importantly, she did not name the City of Kaplan itself. The Supplemental and Amended Complaint also failed to adopt the provisions of the original Complaint. In Paragraphs 128, 130, and 132 under the subheading "Municipal Liability," the plaintiff makes passing reference to the City of Kaplan's liability for its employee Deborah Garrot. However, such passing reference alone is not sufficient to state a claim of relief without factual allegations

as to the capacity in which Deborah Garrot is alleged to have been an employee of the City of Kaplan, or without any allegations as to her having been acting on behalf of the City of Kaplan at the time of the events giving rise to this action.

Furthermore, the plaintiff makes only vague reference to a policy to issue warnings and a violation thereof, but has not identified the alleged practice, procedure, custom, or policy with any specificity and has not alleged that it was a procedure, custom or policy of the City of Kaplan. Aside from the plaintiff's allegation that the failure to issue a warning led to the alleged constitutional deprivation, the Complaint contains no facts that would give rise to an action against Kaplan under §1983. In other words, the plaintiff fails to allege facts sufficient to nudge her claims across the line from conceivable to plausible.

Finally, the undersigned notes that the plaintiff did not oppose the instant motion. For all of the foregoing reasons, the plaintiff's §1983 claims against the City of Kaplan should be dismissed.

### b. Claims for Punitive Damages against the City of Kaplan

The United States Supreme Court has held that municipalities are immune from awards of punitive damages for violations of 42 USC § 1983. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Additionally, it is well settled under Louisiana law that punitive damages are not recoverable in civil cases unless specifically provided for by statute. In the absence

of such a specific statutory provision, only compensatory damages may be recovered. See *International Harvester Credit Corp. v. Seale,* 518 So.2d, 1041 (La. 1988). The plaintiffs have failed to identify any basis upon which she is entitled to recover punitive damages for any state law claims that may be asserted in the Complaint. Additionally, because the undersigned recommends dismissal of the plaintiff's 1983 claims against the City of Kaplan, she would not be entitled to punitive damages.

Considering the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [Doc. 23] be GRANTED as follows:

IT IS RECOMMENDED that defendant's motion to dismiss the plaintiff's claims against the City of Kaplan be GRANTED and that these claims be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service or within the time frame authorized by Fed. R. Civ P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 21st day of March, 2022 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE